UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2018 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 18- **CR18-00604**-CJC |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 1956(h): Conspiracy to Launder Money; 18 U.S.C. §§ 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| YU HAO HUNG, aka "Alex Young," aka "Allison Kawai," aka "Charlene," and | |
| TI LU, aka "Deer Lu," aka "Jen Lu," aka "Jerry Young," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

Beginning in or before 2002, and continuing through the date of this indictment, in Los Angeles, Orange, and Riverside counties, within the Central District of California, and elsewhere, defendants YU HAO HUNG, also known as "Alex Young," "Allison Kawai," and "Charlene," and TI LU, also known as "Deer Lu," "Jen Lu," and "Jerry

1 Young" (collectively, "defendants"), together with others known and
2 unknown to the Grand Jury, conspired to commit bank fraud, in
3 violation of Title 18, United States Code, Section 1344.   The object
4 of the conspiracy was carried out, and to be carried out, in
5 substance, as follows:   Defendants would obtain the social security
6 numbers of real persons who did not have credit histories and would
7 manipulate their credit scores by adding them as authorized users to
8 credit card accounts with long histories of on-time payments.
9 Defendants would apply for bank-issued credit cards using false
10 information and those stolen social security numbers.   Defendants
11 would make purchases with those fraudulently-obtained credit cards,
12 including at fictitious businesses that they controlled.   From 2014
13 through 2017, the conspiracy involved a minimum of 50 different
14 stolen social security numbers, from each of which, as defendant HUNG
15 said in a recorded conversation, defendants expected to generate
16 $100,000 or more in fraudulent proceeds.   Federally-insured financial
17 institutions defrauded as a result of this conspiracy include
18 JPMorgan Chase Bank, Ally Bank, Bank of America, Capital One,
19 Everbank, Citibank, and Wells Fargo Bank.

COUNT TWO

[18 U.S.C. § 1028A]

Beginning in or before 2002, and continuing through the date of this indictment, in Los Angeles, Orange, and Riverside counties, within the Central District of California, and elsewhere, defendants YU HAO HUNG, also known as "Alex Young," "Allison Kawai," and "Charlene," and TI LU, also known as "Deer Lu," "Jen Lu," and "Jerry Young", knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Bank Fraud, as charged in Count One.

COUNT THREE

[18 U.S.C. § 1956(h)]

Beginning in or before 2002, and continuing through the date of this indictment, in Los Angeles, Orange, and Riverside counties, within the Central District of California, and elsewhere, defendants YU HAO HUNG, also known as "Alex Young," "Allison Kawai," and "Charlene," and TI LU, also known as "Deer Lu," "Jen Lu," and "Jerry Young" (collectively, "defendants"), together with others known and unknown to the Grand Jury, conspired to launder money, in violation of Title 18, United States Code, Section 1956, namely:

(a)   to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is bank fraud, with the intent to promote the carrying on of specified unlawful activity, that is bank fraud, and while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b)   to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, bank fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of

4

1   unlawful activity, in violation of Title 18, United States Code,
2   Section 1956(a)(1)(B)(i).

3       The objects of the conspiracy were carried out, and to be
4   carried out, in substance, as follows:

5       (a)  Defendants would obtain credit cards from federally-insured
6   financial institutions using false information and the social
7   security numbers of other persons without those other persons'
8   authorization;

9       (b)  Defendants would make false charges on the credit cards at
10  purported businesses that defendants controlled and that, in fact,
11  provided no goods or services;

12      (c)  As defendants knew and intended, as a result of this fraud,
13  federally-insured financial institutions and credit card processors
14  would transfer money into bank accounts that defendants had
15  established for the purported businesses;

16      (d)  Defendants would then transfer the proceeds of their bank
17  fraud from these bank accounts into other bank and brokerage accounts
18  that they also controlled;

19      (e)  Defendants would also use the fraudulently-obtained credit
20  cards to purchase gold, which they would keep in safety deposit boxes
21  and elsewhere, and gift cards in order to store and hide the proceeds
22  of their fraud;

23      (f)  Defendants would sell the gold they obtained by fraud to
24  gold dealers to generate proceeds that could not be traced directly
25  back to their fraud; and

26      (g)  Defendants would use the proceeds of earlier frauds to
27  bribe bank insiders, and to purchase access to social security
28  numbers and mail-receiving services, to enable them to commit new

1  frauds.

2      In furtherance of the conspiracy, defendants sent over $1

3  million of bank fraud proceeds through one of their shell

4  corporations, Nova Diversified Corp, to a purported investment

5  company that defendant HUNG said in a recorded conversation did not

6  report its dividend payments to the Internal Revenue Service.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)

and 18 U.S.C. § 982(a)(2)]

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendants YU HAO HUNG, also known as "Alex Young," "Allison Kawai," and "Charlene," and TI LU, also known as "Deer Lu," "Jen Lu," and "Jerry Young" (collectively, the "defendants") that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction under Count One or Two of this Indictment.

2.     Defendants shall forfeit to the United States the following property:

a.   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense set forth in Count One or Two of this Indictment including, without limitation:

(i) the funds in TD Ameritrade account number 754-891251 held in the name of TI LU;

(ii) the funds in TD Ameritrade account number 754-382455 held in the name of Jen Lu;

(iii) the funds in Wells Fargo Bank account numbers 9015689558 and 1659652646 held in the name of Nova Diversified Corp, dba Platinum Holdings;

(iv) the funds in Wells Fargo Bank account numbers 3830288928 and 2350252199 held in the name of Alex Young;

(v) the funds in Bank of America account number 501009452585 held in the name of Nova Diversified Corp, dba NDC Designs;

(vi) the funds in Bank of America account number 005012559638 held in the name of Gold World Inc, dba Vintage Reproductions;

(vii) the funds in Bank of America account number 325072566370 held in the name of Allison Kawai;

(viii) the funds in Bank of America account number 000205266404 held in the name of Nova Belle Trust;

(iv) the gold and other valuables stored in the Chase Bank safety deposit boxes located at 270 S. State College Blvd. Brea, CA 92821, which are held in the name of Nova Belle Trust (with Alex Young listed as the trustee);

(v) the real property with Assessor's Parcel Number 931-882-43, commonly known as 18978 Northern Dancer Lane, Yorba Linda, CA 92886, and with title held by Nova Belle Trust, Trustee Alex Young;

(vi) all rights and interest the defendants have personally or through their businesses, corporate entities, and trusts, including Nova Diversified Corp. and Nova Belle Trust, to funds loaned to or invested with Giovanni M. Fernandez, NV Acquisitions, and businesses and corporate entities they own or control, as well as all corresponding interest, dividends, and profits;

(Collectively, the above-described property will be referred to as the "FORFEITABLE PROPERTY"); and

8

1           b.   A sum of money equal to the total value of the property

2    described in subparagraph a above.

3        3.   Pursuant to Title 21, United States Code, Section 853(p),

4    as incorporated by Title 18, United States Code, Section 982(b), and

5    Title 28, United States Code, Section 2461(c), defendants shall

6    forfeit substitute property, up to the value of the property

7    described in the preceding paragraph if, as the result of any act or

8    omission of any defendant, the property described in the preceding

9    paragraph or any portion thereof (a) cannot be located upon the

10   exercise of due diligence; (b) has been transferred, sold to, or

11   deposited with a third party; (c) has been placed beyond the

12   jurisdiction of the court; (d) has been substantially diminished in

13   value; or (e) has been commingled with other property that cannot be

14   divided without difficulty.

## FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to defendants YU HAO HUNG, also known as "Alex Young," "Allison Kawai," and "Charlene," and TI LU, also known as "Deer Lu," "Jen Lu," and "Jerry Young" (collectively, the "defendants") that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction under Count Three of this Indictment.

2.    Defendants shall forfeit to the United States the following property:

a.    All right, title, and interest in any and all property, real or personal, involved in or traceable to any transaction set forth in Count Three of this Indictment, including the FORFEITABLE PROPERTY set forth in Paragraph 2(a) of Forfeiture Allegation One; and

b.    A sum of money equal to the total value of the property described in subparagraph a above.

///

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of any defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ANDREW BROWN
Assistant United States Attorney
Major Frauds Section