UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

YU HAO HUNG,

    Defendant.

Case No.: CR 18-00604-CJC

ORDER OF DETENTION

The Government's motion for review of the Magistrate Judge's bail order and for detention of Defendant is **GRANTED**. The Court has considered (i) the nature and circumstances of the offenses charged; (ii) the weight of the evidence against Defendant; (iii) the history and characteristics of Defendant; and (iv) the nature and seriousness of the danger to the community. After considering all of these factors and all of the

-1-

evidence presented by the parties and the arguments of their counsel, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and that she will attempt to flee to Taiwan if released on bond.

First, Defendant has a significant incentive to flee to Taiwan. The grand jury returned an indictment charging Defendant and her husband with a sixteen-year-long conspiracy to commit bank fraud and money laundering, as well as identity theft. The Government has marshaled compelling evidence of Defendant's guilt on these charges, including audio and video recordings of Defendant and her husband discussing how they committed the fraud and avoided detection, how they feared law enforcement investigation, and how they laundered the proceeds of their criminal activity. If convicted on these serious charges, Defendant faces a very lengthy prison sentence. Indeed, the Government's conservative calculation of the sentencing guideline range exceeds ten years in prison. Nothing in Defendant's lavish lifestyle has prepared her for any term in prison, let alone one that will last for over a decade.

Second, Defendant has very significant ties to Taiwan. She was born there. She has dual citizenship in the United States and Taiwan. Other than her eleven-year-old daughter, all of Defendant's family members remain in Taiwan.[1] Defendant and her husband regularly travel internationally, most frequently to Taiwan. And significantly, Taiwan does not have an extradition treaty with the United States so if she were able to escape to Taiwan, the Government would have no way to compel her return to face the serious charges alleged in the indictment.

---

[1] The Court does not view the fact that Defendant has a teenage daughter as mitigating the risk of flight. To the contrary, it increases the risk. Defendant's husband is in detention and facing the same lengthy prison sentence as Defendant is facing. If Defendant does not flee to Taiwan and she and her husband are convicted, her daughter could very well be separated from Defendant and her husband for over a decade while they serve their lengthy prison sentences.

Third, Defendant likely has the means and resources to abscond to Taiwan and live comfortably there. Defendant and her husband have stashed their fraudulently acquired wealth in a series of fictitious bank accounts, cryptocurrency, and gold. The Government found $500,000 in gold and cash in their security deposit box alone. Defendant and her husband have also invested $1 million with a Florida real estate developer who does not report dividends to the IRS. To date, the Government has seized over $2 million of Defendant and her husband's funds and assets. Some of the investment accounts of Defendant and her husband list the addresses of the owner or purported owner as in Taiwan. It defies common sense to think that, in light of the significant ties that Defendant has to Taiwan and the considerable efforts that she and her husband have made to hide and launder the proceeds of their fraud, she does not have access to funds to support herself after absconding.

Finally, Defendant and her husband revealed in a recorded phone conversation with a confidential witness that they would flee the United States if necessary to evade capture and prosecution for their criminal activity. When Defendant's husband was specifically asked what he would do if law enforcement discovered their criminal activity, Defendant's husband said he could leave the country. Not surprisingly, Defendant, who was on the same confidential phone conversation, never contradicted her husband's statement.

**IT IS THEREFORE ORDERED** that Defendant be detained prior to trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for private consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:   October 16, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

CC: PSA; USPO; USM