UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>YU HAO HUNG,<br>  aka "Alex Young,"<br>  aka "Allison Kawai,"<br>  aka "Charlene," and<br><br>TI LU,<br>  aka "Deer Lu,"<br>  aka "Jen Lu,"<br>  aka "Jerry Young,"<br><br>    Defendants. | Case No. 18-00604-CJC<br><br>FINAL ORDER OF FORFEITURE AS TO REAL PROPERTY |

WHEREAS, the Court on April 29, 2019 entered preliminary orders of forfeiture as to defendants YU HAO HUNG, aka "Alex Young," aka "Allison Kawai," aka "Charlene" and TI LU, aka "Deer Lu," aka "Jen Lu," aka "Jerry Young" (collectively, "defendants");

AND WHEREAS, in compliance with the publication requirement of Fed. R. Crim. P. 32.2(b)(6), and pursuant to 21 U.S.C. § 853(n)(1), plaintiff United States of America ("the

government") caused to be published on an official government internet website (i.e., www.forfeiture.gov) for 30 consecutive days, beginning on May 3, 2019 and ending on June 1, 2019, a notice advising any third parties claiming an interest in the specific property set forth in the preliminary orders of forfeiture that they were required to file, within 60 days of the first date of publication of the notice, petitions with the Court pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n)(2) requesting a hearing to adjudicate the validity of the interest of the third parties in those properties;

AND WHEREAS, the government sent written notice, which advised the recipients of their right to file petitions with the Court pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n)(2), to all third persons who reasonably appear to be potential claimants with standing in third party ancillary proceedings to contest the forfeiture of the specific property set forth in the preliminary orders of forfeiture;

AND WHEREAS, no third party petitions were filed;

AND WHEREAS, the Court finds pursuant to Fed. R. Crim. P. 32.2(c)(2) that defendants had an interest in the specific property set forth in the preliminary orders of forfeiture (which specific property is also set forth below in this final order of forfeiture);

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All right, title and interest in the specific property set forth below (the "Forfeitable Property"), including all right, title and interest of any third parties in the Forfeitable Property, is hereby condemned, forfeited and vested

in the United States of America, which shall have clear title to
the Forfeitable Property. The Forfeitable Property consists of
the real property with Assessor's Parcel Number 931-822-43,
commonly known as 18978 Northern Dancer Lane, Yorba Linda, CA
92886, with title held by Nova Belle Trust, Trustee Alex Young
and with the following legal description:

<u>Parcel No. 1</u>:

Unit 87 (the "Unit") as shown and described in the
Phase 8 Condominium Plan (together with any amendments
thereto, collectively, the "Plan") for portions of
Lots 7 and 8 of Tract No. 16559 which Tract is shown
on the Subdivision Map ("Map") filed in Book 863, at
Pages 15 to 21, inclusive, of Miscellaneous Maps, in
the Office of the Orange County Recorder, which Plan
was recorded on October 24, 2005, as Instrument No.
2005000851424 in Official Records of Orange County
("Official Records").

EXCEPTING THEREFROM, all minerals, oil, gas,
petroleum, other hydrocarbons and all underground
water in or under or which may be produced from said
land which underlies a plane parallel to and 250 feet
below the present surface of said land for the purpose
of prospecting for, the exploration, development,
production, extraction and taking of said, oil, gas,
petroleum, other hydrocarbons and water from said land
by means of mines, wells, derricks and/or other
equipment from surface locations on adjoining or
neighboring land
or lying outside of the above described land, it being
understood that the owner of such minerals, oil, gas,
petroleum, other hydrocarbons and water, as set forth
above, shall have no right to enter upon the surface
of the above described land nor to use any of the said
land or any portion thereof above said plane parallel
to and 250 feet below the present surface of the land
for any purpose whatsoever, as reserved in the deed
recorded June 15, 2000 as Instrument No, 20000317120,
and document recorded May 28, 2004 as Instrument No.
2004000488028, both of Official Records.

RESERVING THEREFROM, for the benefit of Grantor, its
successors in interest, assigns and others, easements
for access, ingress, egress, encroachment, support,
maintenance, drainage, repair, and for other purposes,
all as may be shown on the Plan and the Map, and as

3

described in the Amended and Restated Master Declaration of Restrictions and Reservation of Easements for The Vista del Verde Master Planned Community, recorded on October 3, 2001, as Instrument No. 20010698561 and re-recorded October 10, 2001 as Instrument No. 20010714115 (together with any amendments thereto, collectively, the "Master Declaration"), the Declaration of Annexation and Partial Assignment of Declarant Rights, recorded on June 15, 2005, as Instrument No. 2005000462843, (together with any amendments thereto, collectively, the "Declaration of Annexation"), the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for San Lorenzo at Vista del Verde, which was recorded on January 13, 2005, as Instrument No. 2005000032802 (together with any amendments thereto, collectively, the "Declaration"), and the Notice of Addition and Supplemental Declaration of Covenants, Conditions and Restrictions for San Lorenzo at Vista Del Verde (Phase 8), which was recorded on October 24, 2005, as Instrument No. 2005000851425 (together with any amendments thereto, collectively, the "Notice"), all in Official Records.

ALSO FURTHER RESERVING THEREFROM, the right to enter the Unit (i) to complete and repair any improvements or landscaping located thereon as determined necessary by Grantor, in its sole discretion, (ii) to comply with requirements for the recordation of the Map or the grading or construction of the Properties, as defined in the Declaration, or (iii) to comply with requirements of applicable governmental agencies. Grantor shall provide reasonable notice to Grantee before such entry. If this reservation of right of entry is not complied with by Grantee, Grantor may enforce this right of entry in a court of law. Grantee shall be responsible for all damages arising out of such failure to comply, including attorneys' fees and court costs. The term of this reservation of right of entry shall automatically expire eleven (11) years from the date of recordation of this Grant Deed.

PARCEL NO. 2:

An undivided one-twentieth (1/20) fee simple interest as a tenant-in-common in and to the Common Area described in the Plan.

PARCEL NO. 3:

Exclusive easements for the benefit of the Unit appurtenant to Parcel Nos. 1 and 2 described above,

4

for balcony, patio, courtyard, yard, driveway, attic heater, and air conditioning compressor pad purposes, as applicable, over those portions of the Association Property shown on the Plan or as described in the Declaration.

PARCEL NO. 4:

Nonexclusive easements for access, drainage, support, encroachment, maintenance, repair, and for other purposes, all as may be shown on the Plan and the Map, and as described in the Master Declaration, the Declaration of Annexation, the Declaration and the Notice.

SUBJECT TO:

1. Nondelinquent general and special real property taxes, and special assessments;

2. All other covenants, conditions, restrictions, easements, reservations, rights and rights-of-way of record, including without limitation, the Master Declaration, the Declaration of Annexation, the Declaration, the Notice, the Plan and the Map;

3. All (i) matters discoverable or ascertainable by inspection or survey of the Unit, (ii) zoning ordinances and regulations and any other laws, ordinances or governmental regulations restricting the use, occupancy or enjoyment of the Unit, and (iii) any other matters already permitted or approved by Grantee;

4. The Master Declaration of Covenants for Title 7 & Dispute Resolution for San Lorenzo at Vista del Verde, recorded on January 13, 2005, as Instrument No. 2005000032804 in the Official Records, as amended or restated (the "Master Title 7 Declaration"); and

5. The Notice of Non-Adversarial Procedure and Individual Declaration of Covenants for Title 7 & Dispute Resolution for San Lorenzo at Vista del Verde, recorded concurrently herewith, as amended or restated (the "Individual Title 7 Declaration").

/ / /

/ / /

/ / /

2.   The government shall dispose of the Forfeitable Property in accordance with law.

Dated: January 28, 2020           _____
                                   THE HONORABLE CORMAC J. CARNEY
                                   UNITED STATES DISTRICT JUDGE

Presented By:

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA